UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEITH JOSEPH SHANLEY,  )
                     Petitioner,  )    3:06-cv-00428-LRH-RAM
                               )
vs.  )
                               )    <u>ORDER</u>
BILL DONAT, *et al.*,  )
                     Respondents.  )
                               /

      This action proceeds on a petition for a writ of habeas corpus by petitioner Keith Shanley, a Nevada prisoner. Before the Court is respondents' motion to dismiss (docket #14).

**I.    Procedural History**

      Petitioner was convicted, after a jury trial in the District Court for Clark County, of discharging a firearm at or into a structure (count I), conspiracy to commit murder (count II), burglary while in possession of a firearm (count III), attempted murder with the use of a deadly weapon (count IV), and first degree murder with the use of a deadly weapon (count V). Exhibit 2.[1] The state district court sentenced petitioner to sixty months in prison with parole eligibility in twenty-four months for count I, to ninety-six months in prison with parole eligibility in twenty-four months for count II, to one hundred fifty-six months in prison with parole eligibility in thirty-five months for count III, to one hundred ninety-two months imprisonment with parole eligibility in forty-three months for count IV, with an equal and consecutive sentence for the use of a deadly weapon,

---

[1] The exhibits cited in this order are those filed by respondents in support of their motion to dismiss, and are located in the record at docket #15.

and to life in prison with parole eligibility in twenty years for count V, with an equal and consecutive sentence for the use of a deadly weapon. *Id.* Count V is to run consecutively to count IV. *Id.* A judgment of conviction was entered on November 3, 2000. *Id.*

Petitioner appealed, and the Nevada Supreme Court affirmed the convictions in part, and reversed the deadly weapon enhancements. Exhibit 6. The state district court entered an amended judgment of conviction on February 3, 2003, striking the deadly weapon enhancement sentences. Exhibit 10. Petitioner then filed a state habeas corpus petition on July 14, 2003. Exhibit 14.[2] The state district court denied the petition on September 24, 2003. Exhibit 17. The Nevada Supreme Court affirmed the denial on appeal. Exhibit 21. Remittitur issued on August 23, 2005. Exhibit 24.

Petitioner mailed the instant federal habeas corpus petition on July 26, 2006 (docket #8). Respondents have moved to dismiss the petition, arguing the petition is untimely (docket #14). Petitioner opposes the motion to dismiss (docket #20).

**II. Motion to Amend Petition**

Petitioner filed a motion to amend his petition (docket #11). Federal Rule of Civil Procedure 15(a)(1) states that a party may amend a pleading once as a matter of course if the opposing party has not yet served a responsive pleading. The Federal Rules of Civil Procedure apply to habeas corpus petitions to the extent the rules are not inconsistent with any of the habeas corpus statutory provisions or rules. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 81(a)(4); *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001) ("Rule 15 applies to habeas petitions 'with the same force it applies to garden-variety civil cases.'") (citation omitted). Further amendments of pleadings require leave of the court. Fed. R. Civ. P. 15(a)(2). Petitioner filed this motion, and his amended petition, prior to respondents' responsive pleading. Respondents did not oppose the motion (docket #12). The Court will grant the motion.

**III. Motion for Extension of Time**

Respondents filed a motion requesting an extension of time to respond to the amended

---

[2] Nevada does not recognize a "prison mailbox rule" for postconviction petitions, therefore petitions are deemed filed when they are received by the clerk of the court. *Koerner v. Grigas*, 328 F.3d 1039, 1044 n.1 (9th Cir. 2003).

habeas corpus petition (docket #13). The Court finds that respondents' motion for extension of time was made in good faith and not solely for the purpose of delay, and that there was good cause for the extension of time respondents requested. Moreover, respondents filed a responsive pleading within the time contemplated by the motion. The Court will grant the motion for extension of time, and will treat the motion to dismiss as timely filed.

**IV. Discussion**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions pursuant to section 2254. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right assert was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the federal predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The AEDPA limitations period is tolled while a "properly filed application" for post conviction or other collateral relief is pending before a state court. 28 U.S.C. § 2244(d)(2). The United States Supreme Court has stated that to be properly filed, a petitioner must comply with a

3

1  state's time limits for filing an application for post conviction or other collateral relief. *Pace v.*
2  *DiGuglielmo*, 544 U.S. 408, 414-17 (2005) (holding "time limits, no matter their form, are 'filing'
3  conditions" and noting if a state court rejects a petitioner's habeas petition as untimely then the
4  petition is not "properly filed" under the statute and statutory tolling is not proper).

5  **A. Application to the Instant Case**

6  In the present case, petitioner was convicted on November 3, 2000. However, petitioner
7  appealed, and the Nevada Supreme Court reversed in part, and remanded the case to the district
8  court. The district court entered an amended judgment of conviction on February 3, 2003. The
9  one-year time limitation under the AEDPA did not begin to run until petitioner's time for appealing
10 and seeking certiorari with the United States Supreme Court expired. *Tillema v. Long*, 253 F.3d
11 494, 498 (9th Cir. 2001) (citing *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999)). The Supreme
12 Court rules state that a person has 90 days from the entry of judgment in a civil or criminal case in
13 which to file a petition for writ of certiorari. Sup. Ct. R. 13. Rule 36(a) of the Nevada Rules of
14 Appellate Procedure state that the "filing of the court's decision or order constitutes entry of the
15 judgment." Therefore the one-year time limitation for filing a federal habeas petition was tolled
16 until May 4, 2003, or 90 days after the state district court entered an amended judgment of
17 conviction.

18 Petitioner had one year from May 4, 2003, to file his federal habeas corpus petition, unless
19 the time was otherwise tolled. Petitioner filed his state habeas corpus petition on July 14, 2003.
20 This was a properly filed application for post-conviction relief. *Pace*, 544 U.S. at 414-17.
21 Therefore, the time for filing a federal petition was tolled on July 14, 2003. The 71 days from May
22 4, 2003 to July 14, 2003, was not tolled. Petitioner appealed the state court's denial of his habeas
23 petition, therefore the time for filing a federal petition was tolled until August 23, 2005, or the day
24 remittitur issued from the Nevada Supreme Court. Petitioner had 294 days left in which to file his
25 federal habeas corpus petition, or until June 13, 2006. Petitioner did not mail his federal petition
26 until July 26, 2006. The petition was filed more than one month beyond the limitations period.
27 The federal petition is untimely filed, and must be dismissed.
28 ///

4

**B. Equitable Tolling**

The AEDPA one-year limitations period is subject to equitable tolling. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner has not advanced any meaningful argument relating to why his petition should not be dismissed as untimely filed. Petitioner has not shown that he was incapable of preparing and filing a federal habeas petition by June 13, 2006. Equitable tolling of the statute of limitations is not warranted as petitioner has not demonstrated a diligent pursuit of his rights and extraordinary circumstances beyond his control. The federal habeas corpus petition was filed more than one month late without valid justification for the delay, and therefore will be dismissed pursuant to 28 U.S.C.§ 2244(d).

**V. Certificate of Appealability**

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where a court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination of whether a certificate of appealability issues becomes a two-part test. The Supreme Court has stated that under such circumstances:

> A COA should issue when the prisoner shows...that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

5

debatable whether the district court was correct in its procedural ruling. *Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct. In cases where there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

In the present case, petitioner's habeas petition is being dismissed because it was untimely filed. The Court did not reach the merits of any of petitioner's constitutional claims. Furthermore, petitioner failed to demonstrate that he is entitled to equitable tolling of the statute of limitations in this case. No reasonable jurist could conclude that this Court's procedural ruling was in error. Petitioner is not entitled to a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's motion to amend the habeas corpus petition (docket #11) is **GRANTED**. The Clerk shall **DOCKET** and **FILE** the amended habeas corpus petition (attached at docket #11)

**IT IS FURTHER ORDERED** that respondents' motion for extension of time (docket #13) is **GRANTED**. The motion to dismiss shall be treated as timely filed.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (docket #14) is **GRANTED** and the petition is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

DATED this 29th day of January, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE